UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN K. VERDELL,

                Petitioner,

v.                                  Case No. 3:14-cv-1500-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.

**ORDER**

**I. Status**

Petitioner John K. Verdell, an inmate of the Florida penal system, initiated this action on December 3, 2014,[1] by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Verdell challenges a 2010 state court (Flagler County, Florida) judgment of conviction for sale of cocaine, possession of cocaine, possession of paraphernalia and obstructing an officer without violence. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Response to Petition (Response; Doc. 10) with exhibits (Resp. Ex.). On August 20, 2015, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 8), admonishing Verdell regarding his

---

[1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

obligations and giving Verdell a time frame in which to submit a reply. Verdell submitted a brief in reply. <u>See</u> Petitioner's Reply to State's Response to § 2254 Petition (Reply; Doc. 12). This case is ripe for review.

## **II. One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered

> through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Verdell has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On March 3, 2009, the State of Florida charged Verdell with sale of cocaine in case number 2009-113. See Resp. Ex. A at 55. In another case (case number 2010-233), the State of Florida charged him with possession of cocaine, possession of paraphernalia, and obstructing an officer without violence. See id. at 56. On April 27, 2010, Verdell entered a no contest plea to all counts in both cases. See Resp. Ex. B. On August 6, 2010, the court sentenced Verdell to a term of imprisonment of twelve years for the sale of cocaine in case number 2009-113, and a term of imprisonment of five years for the possession of cocaine in case number 2010-233, to run concurrently to the term imposed in case number 2009-113. See Resp. Ex. C, Transcript of the Sentencing Hearing (Sentencing Tr.), at 51-52; Resp. Ex. A at 44-53, Judgment. On October 4, 2011, the appellate court affirmed Verdell's conviction per curiam, see Verdell v. State, 71 So.3d 130 (5th DCA 2011);

3

Resp. Ex. I, and the mandate issued on October 26, 2011, see Resp. Ex. J. Verdell did not seek review in the United States Supreme Court.

Verdell's conviction became final on January 2, 2012 (90 days from October 4, 2011). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Verdell's conviction was after April 24, 1996, the effective date of the AEDPA, Verdell had one year from the date his conviction became final to file the federal petition (January 2, 2013). His Petition, filed on December 3, 2014, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Before his conviction became final, Verdell filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) (Rule 3.800) on November 7, 2011. See Resp. Ex. K. The court denied the Rule 3.800 motion on December 5, 2011. See Resp. Ex. L. On January 17, 2012, the appellate court affirmed the court's denial per curiam, see Verdell v. State, 78 So.3d 554 (5th DCA 2012); Resp. Ex. M, and the mandate issued on February 10, 2012, see Resp. Ex. N.

4

On January 20, 2012, Verdell filed a pro se petition for writ of habeas corpus in the state appellate court. See Resp. Ex. O. The appellate court denied the petition on February 2, 2012. See Resp. Ex. Q. On February 20, 2012, the court disposed of the case without issuance of a mandate. See http://jweb.flcourts.org, Verdell v. State of Florida, 5D12-321 (Fla. 5th DCA 2012).

The one-year limitations period began to run the next day, February 21, 2012, and ran for twenty-eight (28) days until March 20, 2012, when Verdell filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) (2nd Rule 3.800 motion). See Resp. Ex. R. The circuit court denied the motion on May 14, 2012. See Resp. Ex. S at 1. Verdell had until June 13, 2012 (thirty days from the circuit court's May 14th denial) to file an appeal.[2]

On August 21, 2012, Verdell filed a pro se petition for belated appeal (petition), dated July 31, 2012, in the appellate court. See http://jweb.flcourts.org, Verdell v. State of Florida,

---

[2] In his Reply, Verdell asserts that he "pursued a timely appeal" after the trial court denied his 2nd Rule 3.800 motion on May 14, 2012. Reply at 5. He states he handed his notice of appeal to prison authorities at Gulf Correctional Institution for mailing on May 25, 2012, but it "never arrived" at the circuit court's clerk's office. Id. at 6. According to Verdell, he inquired about the status of his May 25, 2012 notice of appeal, and was informed that the trial court had not received it; he then filed a motion for belated appeal on June 10, 2012, in the state appellate court. See id.

5

case no. 5D12-3309 (Fla. 5th DCA 2012); Resp. Ex. S, Petition for Belated Appeal. In the petition, Verdell stated:

> On March 12th, 2012, the Petitioner asked [sic] filed a motion to correct an illegal sentence. The trial court, the Honorable Raul A. Zambrano, apparently denied the motion on May 14th, 2012, but did [not] cause a copy of the order denying the motion to be mailed to the Petitioner until June 21st, 2012. . . . **Petitioner had no knowledge that the motion had been denied until he received the order denying the motion in late June, 2012. Had the petitioner received the order, the notice of appeal would have been timely filed.**

Resp. Ex. S at 1, ¶ 3 (emphasis added). The appellate court appointed Circuit Court Judge Raul A. Zambrano to serve as a Commissioner of the Fifth District Court of Appeals. See Resp. Ex. S, Commissioner's Findings of Fact and Recommendation at 1, dated November 19, 2012. The Commissioner held an evidentiary hearing to determine whether Verdell was entitled to a belated appeal of the court's denial of his 2nd Rule 3.800 motion, and ultimately found:

> An order denying the Defendant, John Verdell's second Motion to Correct Illegal Sentence was signed by this Judge on May 14, 2012. Judicial Assistant Teresa Crisp Smith testified as to standard procedures once an order was signed: the order would have been copied and mailed to the Defendant, a copy would have been faxed to the Office of the State Attorney, and the original sent to the Clerk's Office to be docketed and filed. The copy mailed to the Defendant would be via an envelope from the judge's office by way of the courthouse mailroom.
>
> Pricilla Thomas, General Services Specialist at Lawtey Correctional Institution[,] testified under oath as to the

> procedures at that facility and as to Mr. Verdell's mail from the Flagler County Courthouse in particular. Legal mail is not opened in the mailroom at Lawtey but is opened in front of the inmate to avoid contraband, and handed directly to the inmate who then initials and dates the receipt of said mail. Subsequent to the entry of the May 14, 2012 Order Denying the Defendant's Motion to Correct Illegal Sentence Ms. Thomas testified that Mr. Verdell received and signed for mail from Circuit Court Judge Raul Zambrano on May 18, 2012 (attached).[3] This Court has reviewed its records and did not send any other correspondence to the Petitioner except the Order Denying the Motion to Correct Illegal Sentence at any time relevant to this inquiry.
>
> Therefore, it is the recommendation of this Commissioner that Petitioner John Verdell's request to file a belated appeal be denied.

Id. at 1-2 (footnotes omitted). The appellate court denied the petition on December 13, 2012, see Resp. Ex. S, and the mandate issued on December 31, 2012, see case no. 5D12-3309.

Verdell asserts that his petition for belated appeal of the circuit court's denial of his 2nd Rule 3.800 motion tolls the running of the one-year limitations period, and therefore, his federal Petition is timely. See Petition at 17-18. To toll the one-year limitations period under § 2244(d)(2), a proceeding must be a

---

[3] The May 2012 incoming legal and/or privileged mail log for Lawtey Correctional Institution shows that Verdell received and signed for mail from Circuit Judge Raul Zambrano on May 18, 2012. See Resp. Ex. S, Commissioner's Findings of Fact and Recommendation, Appendix A.

"properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1140 (11th Cir. 2015) (quoting 28 U.S.C. § 2244(d)(2)). As previously stated, the state appellate court denied Verdell's petition for belated appeal. As recognized in Espinosa,

> When the state appellate court denied [petitioner]'s petition for belated appeal, it never considered the merits of his underlying claims. [Petitioner]'s petition for belated appeal never triggered a reexamination of his conviction or sentence and, as a result, failed to toll the federal limitation period.

Id. at 1142. Similarly, Verdell's petition for belated appeal "never triggered a reexamination of his conviction or sentence," id., and therefore it failed to statutorily toll the federal limitations period. Thus, when the thirty days (from the circuit court's May 14th denial) to file an appeal expired, the one-year limitations began to run again the next day, June 14, 2012, and expired 337 days later on May 17, 2013.

With the one-year limitations period having expired on May 17, 2013, none of Verdell's motions filed after May 17, 2013, could toll the limitations period because there was no period remaining to be tolled.[4] See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th

---

[4] Verdell filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on June 17, 2013. See Resp. Ex. T. The court denied the Rule 3.850 motion on February 27, 2014. See Resp. Ex. U. On July 29, 2014, the appellate court affirmed the trial court's denial per curiam, see Resp. Ex.

8

Cir. 2004) (stating that, where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"). Given the record, Verdell's December 3, 2014 Petition is untimely filed, and due to be dismissed unless Verdell can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015), cert. denied, 137 S.Ct. 830 (2017). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017), petition for cert. filed, No. 17-6146 (U.S. July 25, 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically

---

V, and the mandate issued on August 22, 2014, see Resp. W. The court denied Verdell's motion for rehearing on September 12, 2014. See Resp. Exs. X; Y.

applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Verdell to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Verdell asserts that he is entitled to equitable tolling for the period from May 25, 2012 (when he allegedly handed his notice of appeal of the trial court's denial of his 2nd Rule 3.800 motion to prison authorities at Gulf Correctional Institution for mailing to the circuit court's clerk's office) through December 13, 2012 (when the appellate court denied his petition for belated appeal). See Reply at 7, 12. He states that "the ineptness" of the prison officials and the prison's outgoing mail policies created extraordinary circumstances that affected the timing of his appeal. Id. at 12. He explains that Gulf Correctional Institution did not maintain an outgoing legal mail log and would not date stamp an inmate's copy of any outgoing legal mail, and therefore the prison's procedures deprived him of the opportunity to show that he handed his notice of appeal to the prison authorities for mailing before the thirty-day appeal period had run. See id. at 6.

Notably, when Verdell filed his August 21, 2012 petition for belated appeal, he never argued that he had attempted to file a

timely appeal of the 2nd Rule 3.800 motion. See Resp. Ex. S. Instead, he asserted that he did not know the trial court had denied his 2nd Rule 3.800 motion until late June 2012, when he received a copy of the order. See id. at 1, ¶ 3. He also stated: "Had the petitioner received the order, the notice of appeal would have been timely filed." Id. Verdell has not shown extraordinary circumstances that are both beyond his control and unavoidable with diligence. Given the record, the Court finds Verdell is not entitled to equitable tolling for the period from May 25, 2012, through December 13, 2012.

Verdell has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Verdell seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Verdell "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 10) the Petition as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Verdell appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has

determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of October, 2017.

MARCIA MORALES HOWARD
United States District Judge

sc 10/5
c:
John Kennedy Verdell, FDOC #709295
Counsel of Record